STATE OF HAWAII, Plaintiff-Appellant, *v.* ELIZABETH ANN JENSEN and CLAYTON F. JENSEN, Defendants-Appellees

NO. 12134

(CR. NO. 86-0230)

MARCH 2, 1988

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

*Per Curiam.* This appeal challenges the grant of a motion to suppress evidence seized pursuant to a search warrant. The lower court concluded that observations by the police of marijuana plants growing in the Defendants' backyard from a neighbor's yard through small gaps in a wooden fence were an unreasonable intrusion into an area in which the Defendants exhibited a reasonable expectation of privacy. We reverse.

I.

In July of 1986, Regina Jimenez observed eight marijuana plants growing in the next door neighbors' (the Defendants') backyard while cleaning her bedroom windows. She reported her sighting to the police. The windows are made of frosted glass and are usually kept closed for privacy. A six foot high wooden fence, built and owned by the Jiminez family, stands between the yards. The Defendants' backyard is screened by a fifteen foot high, five foot wide hibiscus hedge at the rear of the yard and by a heavy growth of tall weeds on the opposite side. Police Officer Morita confirmed the observation of the marijuana on the day it was reported by going into the Jimenez yard, standing near the fence, and looking through small gaps in the fence.

About two months later, Police Officer Sheldon returned to the Jimenez property and again observed the plants. Although there was contradictory testimony, the trial court found that Officer Sheldon had probably viewed the plants through the gaps in the fence as Officer Morita had in July.

Based upon his observation, a search warrant was issued, the plants were seized, and the Defendants were indicted for one count each of promoting a detrimental drug in the first degree in violation of HRS § 712-1247 and promotion of a dangerous drug in the third degree in violation of HRS § 712-1243.

The Defendants moved to suppress the evidence seized on the ground that the search warrant was defective. In granting the motion, the trial court found that the marijuana plants could not be seen from the roadways or any other public place. The court further found that the Defendants had exhibited an actual expectation of privacy in their backyard and that this expectation is one that the community would find to be reasonable.

## II.

The state and federal constitutions guarantee the right of the people to be secure in their houses, papers, and effects from unreasonable searches and seizures. To determine the reasonableness of the search, each situation must be examined on a case by case basis, with consideration of a number of factors including the location, surrounding structures, type of fencing, location of walkways, and type and character of governmental invasion. *State v. Kender,* 60 Haw. 301, 304, 588 P.2d 447, 449-50 (1978).

The nature of the location in the instant case is a backyard in a residential area. As part of Defendants' curtilage, this is an area that may be protected by the state and federal constitutions, if the Defendants have a reasonable expectation of privacy. *State v. Kender,* 60 Haw. 301, 304, 588 P.2d 447, 449 (1978).

The Defendants argue that they have exhibited a reasonable expectation of privacy, and that such expectation is reasonable. They rely upon the existence of the fence, the fact that the Jimenez' bedroom windows were frosted and rarely opened, and the fact that the plants could not be seen from the roadways or any other public place to preserve their privacy. However, the record shows that they did not build the fence, make any repairs on it, or attempt to provide any other screen from the neighbor's yard. Under the circumstances, we find the Defendants exhibited no reasonable expectation of privacy. *State v. Boynton,* 58 Haw. 530, 574 P.2d 1330 (1978) (defendant's construction of a six-and-a-half foot high lapped fence demonstrated a reasonable expectation of privacy); *State v. Kaaheena,* 69 Haw. 23, 575 P.2d 462 (1978) (by drawing the drapes defendant exhibited a reasonable expectation of privacy); *People v. Lovelace,* 116 Cal. App. 3d 541, 172 Cal. Rptr. 65 (5th Dist. 1981) (observation of marijuana plants in the defendant's back

yard through knotholes and cracks in a six foot high wooden fence unreasonable because defendant exhibited a sufficient subjective expectation of privacy by reason of their recent repair of the fence).

### III.

In weighing all of these factors, we conclude that no reasonable expectation of privacy can be sustained. The lower court's grant of the motion to suppress is reversed.

*Dwight K. Nadamoto,* Deputy Attorney General, for Plaintiff-Appellant State of Hawaii.

*William H. Feldhacker,* for Defendant-Appellee Clayton F. Jensen.

*Susan Barr,* Deputy Public Defender (*Sheldon Lee,* Defender Extern, assisting on the brief), for Defendant-Appellee Elizabeth Ann Jensen.